IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

2:22-CV-03871

In re: MELVIN THEODORE SHARPE, JR.

Debtor

MELVIN THEODORE SHARPE, JR.

Appellant

v.

KENNETH E. WEST,

Appellee

On Appeal from the Bankruptcy Court for the Eastern District of Pennsylvania

---

RESPONSE OF KENNETH E. WEST, CHAPTER 13 STANDING TRUSTEE, TO APPELLANT'S BRIEF

---

Submitted by:

Jack K. Miller, Esquire #27121
Attorney for Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA  19107
215-627-1377 ext. 121
Email:  jmiller@ph13trustee.com

**TABLE OF CONTENTS**

TABLE OF CONTENTS……………………………………………………………………………………………..……..ii

TABLE OF AUTHORITIES………………………………………………………………………………>………………… iii

JURISDICTIONAL STATEMENT………………………………………………………………………………………… 1

STATEMENT OF ISSUES PRESENTED…………………………………………………………………>……………………1

    1. Whether the Bankruptcy Court abused is discretion in dismissing the bankruptcy case as a result of the debtor's failure to make all payments ……………………………………. 1

STATEMENT OF THE CASE……………………………………………………………………………………………… 1

ARGUMENT……………………………………………………………………………………………………………………. 1-2

CONCLUSION………………………………………………………………………………………………………………… 2

CERTIFICATE OF SERVICE……………………………………………………………………………………………… 3

**TABLE OF AUTHORITIES**

1. In re Meyers, 491 F.3d 120 (3rd Cir 2007)………………………………………………………………………… 1
2. DiFederico v. Rolm Co., 201 f.3d 200 (3rd Cir. 2000)……………………………………………………… 1
3. Ferrero, U.S.A., Inc. v. Ozark Trading, Inc. 952 F.2d 44 (3rd Cir. 1991)………………………………… 1
4. 11 U.S.C. Section 1326(a)(1)……………………………………………………………………………………… 1

## JURISDICTIONAL STATEMENT

The District Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 158(a) of appeals of "final judgments, orders, and decrees.

## STATEMENT OF ISSUES PRESENTED

Whether the Bankruptcy Court abused its discretion in dismissing the bankruptcy case as a result of the debtor's failure to make all plan payments.

Bankruptcy Court orders dismissing a case are reviewed under an abuse of discretion standard. See, e.g., In re Meyers, 491 F.3d, 120, 125-127 (3rd Cir. 2007).  An abuse of discretion exists where the court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact.  Under the clearly erroneous standard, it is the responsibility of an appellate court to accept the ultimate factual determinations of the factfinder unless that determination is either (1) completely devoid of minimum evidentiary support displaying some hue of credibility or (2) bears no relationship to the supportive evidentiary data.  DiFederico v. Rolm Co., 201 F.3d 200, 208 (3rd Cir. 2000). A court should not disturb an exercise of discretion "unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."  Ferrero, U.S.A., Inc. v. Ozark Trading, Inc., 952 F.2d 44, 48 (3rd Cir. 1991).

## STATEMENT OF THE CASE

Appellant, Melvin T. Sharpe, Jr. ("Sharpe") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on May 5, 2022.

The debtor filed a Chapter 13 plan on June 13, 2022 and proposed to pay the trustee $1,200 per month for 60 months.  Bankruptcy Code provision Section 1326(a)(1) provides "unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier." The motion to dismiss was filed on July 19, 2022 and as of that date, the trustee had received no payment from the debtor.  As of the date of the dismissal hearing on September 20, 2022, the debtor should have paid 4 payments for a total of $4,800. Shortly before the hearing, the debtor paid $2,400 representing 2 of the 4 payments due pursuant to his plan.  As a result of this default in payment, the trustee made a recommendation that the case be dismissed.

## ARGUMENT

THE ORDER OF DISMISSAL WAS PROPER AND NOT AN ABUSE OF DISCRETION

The issue in this case is quite simple.  However, the appellant seeks to muddy the waters and bring up issues that are not relevant to this case.  The issue before this Court is to determine if the Bankruptcy Judge's order of dismissal was an abuse of her discretion.

The appellant argues that since the 341 was not held, the case should not have been dismissed. Appellant further argues that it was not appropriate to deny confirmation.  The denial of confirmation of a plan is a common outcome in many Chapter 13 cases.

If confirmation is denied, the Court can allow the case to proceed which gives a debtor the opportunity to propose a new plan.  In the instant case, the Court dismissed the case so proposing a new plan was not an option.  Merely because the 341 was not held should have no relevance to the dismissal of the case.

The docket is silent regarding why the 341 was not held.  The reason why the meeting was not held is not relevant to the dismissal for non payment.

The Appellee made a recommendation to the Bankruptcy Judge that the case should be dismissed.  The Bankruptcy Judge accepted this recommendation and entered an order of dismissal.

## CONCLUSION

There was no clearly erroneous finding of fact, errant conclusion of law, or an improper application of law to fact in dismissing this case.

The appellant was delinquent in his plan payments and the Court properly dismissed the case.

Respectfully submitted

*/s/ Jack K. Miller*
Jack K. Miller, Esquire Staff Attorney for
Kenneth E. West, Chapter 13 Standing Trustee
P.O. Box 40887
Philadelphia, PA  19102
(215) 627-1377 ext. 121

## CERTIFICATE OF SERVICE

     **AND NOW**, comes Jack K. Miller, Esquire, Staff Attorney for Kenneth E. West, Chapter 13 standing trustee, and certifies that he served the attached Response of Kenneth E. West, Chapter 13 Standing Trustee, to Appellant's Brief on the following parties at the address(es) listed below by first class mail on December 13, 2022.

Melvin Theodore Sharpe, Jr.
5924 NORTH 13TH STREET
PHILADELPHIA, PA 19141

    /s/ Jack K. Miller
Jack K. Miller, Esquire Staff Attorney for
Kenneth E. West, Chapter 13 Standing Trustee
P.O. Box 40887
Philadelphia, PA  19102
(215) 627-1377 ext. 121