IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELVIN THEODORE SHARPE, JR.** | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  22-3871 |
| | : | |
| **KENNETH E. WEST** | : | |

**MEMORANDUM**

**SCHMEHL, J.   /s/ JLS**                                                                                              **FEBRUARY 23, 2023**

Appellant/Debtor Melvin Theodore Sharpe, Jr. appeals *pro se* from the Bankruptcy Court's Order dismissing his voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

On May 2, 2022, the Appellant/Debtor filed a voluntary petition for relief under Chapter 13 (individual debt adjustment) of the Bankruptcy Code. On June 13, 2022, the Appellant/Debtor filed a Chapter 13 plan in which he proposed to pay the United States trustee the sum of $1200 per month for 60 months [Bankruptcy Doc. 16]. On June 15, 2022, the trustee scheduled a meeting of creditors pursuant to 11 U.S.C. § 341(a) to take place remotely on August 8, 2022 [ECF Doc. 24]. On July 19, 2022, the trustee, having not received any payment from the Appellant/Debtor, filed a motion to dismiss the Chapter 13 case. [Doc. 31].[1] The Appellant/Debtor filed a Response to the trustee's motion to dismiss on August 1, 2022 [Doc. 37]. At no time did the Appellant/Debtor request an extension of time for the commencement of plan payments.

---

[1] Bankruptcy Code provision Section 1326(a)(1) provides "[u]nless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier." 11 U.S.C.§ 1326(a)(1).

1

The bankruptcy docket reflects an August 17, 2022 entry that states, "First Meeting of Creditors Not Held on 8/8/22, motion to dismiss to be filed" [Bankruptcy Doc. 43]. On September 13, 2022, the Bankruptcy Court scheduled a confirmation hearing as well as a hearing on the trustee's motion to dismiss for September 20, 2022 [Bankruptcy Doc. 61, 62]. On September 20, 2022, the Bankruptcy Court held a telephonic confirmation hearing as well as a hearing on the trustee's motion to dismiss for failure to make plan payments [Bankruptcy Doc. 68 and 69].

According to the trustee, shortly before the hearing, the Appellant/Debtor paid the trustee the sum of $2400. However, the trustee contends that by that date, according to the Appellant/ Debtor's Chapter 13 plan which he filed on June 13, 2022, the Appellant/Debtor should have paid the sum of $4800 (4 monthly payments of $1200.) As a result, the trustee made a recommendation to the Bankruptcy Court at the September 20, 2022 hearing that the bankruptcy case be dismissed. Although the Appellant/Debtor offered to make the two additional payments by October 11, 2022, the Bankruptcy Court accepted the trustee's recommendation and announced from the Bench that the case was dismissed and confirmation denied [ECF 6 at pp. 48-51]. An Order to that effect was subsequently entered on that same date [ECF 6 at p. 45]. It is unclear from the record whether the Bankruptcy Court was aware at the time it ruled that the bankruptcy docket entries reflected that a 341(a) meeting had never been held.

On appeal, the Appellant/Debtor contends that the Bankruptcy Judge erred when she held a confirmation hearing as well as a hearing on the trustee's motion to dismiss without first confirming whether a section 341(a) hearing had ever been held.

The Bankruptcy Court's decision to dismiss a case is reviewed for abuse of discretion. *See In re SGL Carbon Corp.,* 200 F.3d 154, 159 (3d Cir.1999). An abuse of discretion can be based on "a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." SGL Carbon, 200 F.3d at 159.

11 U.S.C. § 341(a) provides that "[w]ithin a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors." 11 U.S.C. § 341(a) (emphasis added.)  For purposes of a Chapter 13 case, a "reasonable time" is defined as not fewer than 21 nor more than 50 days from the date of the order for relief. Fed. R. Bankr. P. 2003(a).

> 11 U.S.C.§ 1324 provides:
>
> (a) Except as provided in subsection (b) and after notice, the court shall hold a hearing on confirmation of the plan. A party in interest may object to confirmation of the plan.
>
> (b) The hearing on confirmation of the plan may be held not earlier than 20 days and not later than 45 days after the date of the meeting of creditors under section 341(a), unless the court determines that it would be in the best interests of the creditors and the estate to hold such hearing at an earlier date and there is no objection to such earlier date.

Here, the Bankruptcy Judge erred by scheduling on September 13, 2022 a confirmation hearing for September 20, 2022 when the docket clearly reflected that a meeting of creditors under section 341(a) had never taken place and was not rescheduled. However, the Court finds that the error is harmless because at that same September 20, 2022 hearing the Court also took up the trustee's motion to dismiss and

**3**

proceeded to dismiss the bankruptcy petition pursuant to 11 U.S.C. § 1307(c)(4) for failure to make timely payments under section 1326.[2]

There is no provision in Chapter 13 that a meeting of the creditors must be held before a Bankruptcy court can hold a hearing on a motion to dismiss. Here, the trustee filed a motion to dismiss on July 19, 2022, claiming the Appellant/Debtor had failed to make his first payment of $1200 that was due 30 days after the Appellant/Debtor submitted his plan on June 13, 2022. Although Appellant/Debtor did make two payments totally $2400 shortly before the September 20, 2022 hearing on the trustee's motion to dismiss, Appellant/Debtor owed at least one more such payment on that date.[3] The Appellant/Debtor does not refute this.

And while the Court understands the Appellant/Debtor's frustration with the Bankruptcy Judge's decision to not grant him the additional 30 days he requested to submit the missing payment(s), it was clearly not an abuse of discretion for the Bankruptcy Judge to refuse to do so, follow the language of 11 U.S.C. § 1307(c)(4) and dismiss the case for failure of the Appellant/Debtor to commence timely payments. This is especially true in light of the fact that at no time before the September 20, 2022

---

[2] That section provides:
c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including--
(4) failure to commence making timely payments under section 1326 of this title;

[3] While the Trustee claims the Appellant/Debtor should have made 4 payments totaling $4800 by the date of the hearing on September 20, 2022, the Court believes that only three such payments were required as of that date because Appellant/Debtor had 30 days from the date he submitted his Plan to make the first payment. 11 U.S.C.§ 1326(a)(1). Thus, the payments were due on July 13, 2022, August 13, 2022 and September 13, 2022.

hearing did Appellant/Debtor seek an extension to make plan payments. Therefore, the Court will affirm the decision of the Bankruptcy Court.